My name is Matthew Weber. I'm a petitioner for Pravin Bhan. This case is also an appeal of a final order of the Board of Immigration Appeals, holding that Pravin Bhan, a long-time lawful permanent resident, has been convicted of an aggravated felony, which precludes him from applying for asylum and cancellation of removal. In little history, Mr. Bhan was convicted of attempted possession of cocaine, and he was also convicted under the Washington assault statute, which seems to be fairly common today. In immigration court, Immigration Judge Anna Ho pre-permitted his application for cancellation of removal and asylum based upon her holding that both convictions were aggravated felonies, one for a crime of violence sentenced under the assault statute to 365 days in jail. The other one, that is, attempted possession of cocaine, was a drug-trafficking crime. We took the case over on appeal and argued that the assault conviction was not a crime of violence and that the attempted possession of cocaine was not a drug-trafficking crime. We didn't argue it was entitled to withholding. In the appeal, in the brief to the BIA, the service argued his convictions were aggravated felonies as a crime of violence and drug-trafficking crime. Could you slow down? I'm sorry. You're reading, and it's a little hard to hear what you're saying. Okay. On the appeal, the service argued they addressed both issues at the same time. They were simultaneously filed, although the service did have the option to file afterwards. They did it. They addressed both aggravated felony issues. On the merits, argued both. The BIA, in a unique decision, held that the attempted possession of cocaine, Efekazars Gutierrez, was not a drug-trafficking crime. However, on the assault floor conviction, they held that because he had conceded it at the immigration court in the hearing, he had waived the issue for appeal. Unique in this is that the record seems to indicate that he probably conceded both. So the way the decision came out was that the BIA, in their unique logic, says that, well, one concession prohibits us from addressing it, but the other one, for some reason, does not. We raise this issue. We file a petition for review, arguing the same thing, that both are not aggravated felonies. We can go in a little bit to the assault statute, if the Court would like. As Mr. Salazar mentioned, the Washington assault statute criminalizes unlawful touching, unlawful defined as offensive or unwanted. It does not meet, does not even come close to meeting the leotard standard of active violent crimes. It's therefore divisible as to a crime of violence. The BIA, I mean, did the, is DHS address that issue before the BIA? They did. And they argued that it was, in fact, a violent crime. And the record of conviction in this case only contains a docket showing that Mr. Bond treated no, pleaded no contest to the generic statute. Now, this Court previously has held Is that all we have? That's all they have. There's nothing else in the record on that. There's about 27 pages on the drug conviction, but nothing else for the attempted possession. The Washington common law is very clear, that this statute, violations of this statute can consist of any unlawful touching, throwing water on somebody, a shove in a line for a movie theater. It's very broad. It's very broad, and it's just simply unlawful touching. The Taylor analysis that we use in this area was developed for a very important reason, because if you're convicted of a crime, it has to do with a subsequent sentence. The immigration context is far different. There, the immigration judge is not a criminal case. It's a civil case. They have broader discretion, and evidence can be used. I take it that your view of our law, as it's generated, in the immigration context, would keep out the, would make it immaterial that during his testimony, he indicated that he was caressing and touching the breasts of his daughters, which I suppose an immigration court could consider domestic violence. But I take it that that cannot come into the makeup of whether this person should stay in the country in a civil case, because of, and your answer is? I think Your Honor is referring to the other case we have in Velasquez, Herrera. Yes. Yeah, that's the next one on that. That's another assault court statute. And then we have the same question in that next case, too. It's confusing, because they're very similar. But going into that, I can address, directly address that, because Tocatli says, even a commission, even an admission to a fact does not mean, is not considered. It is a very strict analysis. It's a categorical and modified categorical approach. And in determining, it's an issue of law, and it's reviewed, you know, whether the record of conviction, it's either categorically a crime of violence, in this case, or the record of conviction has to be a crime of violence for which he was convicted, or which he was convicted and which he pled to, for example, or actually reach that lea cal standard on that. A docket, simply a docket, showing that he was convicted is a matter of law, cannot be a crime of violence. Let me ask you another question. On his admission that he was convicted of a crime of domestic violence, it went up to the BIA. And the, in his admission, the BIA  he was convicted of a crime of domestic violence. It wasn't made use of by the agency. And so we have a case now that is waiver on waiver. And I assume you'll rely on the Code 3 case. Is that a discretionary case or an absolute case? That is. Excuse me. Which case? Pardon? Which case? The waiver on waiver case. Are you familiar with that? It's a question of whether the government waived your waiver because you didn't Well, we Inject it initially, but they Yeah, I You waived yours and then the government didn't assert that you had I think there's a, there can be an argument made that we both kind of waived waiver because it progressed down an odd path. I think the issue here, which is not in his exhaustion and clearly in Tocatli and many other cases, this court has said the issue is properly raised by putting it in a brief to the, to the agency so I understand your argument. My question was a little more narrower. Do you interpret our case as being a discretionary use of waiver on waiver or an absolute requirement? That it, that, that it would have to be waived, that they have waived it? That we have to employ the waiver on waiver case or it's discretionary with the panel? I don't think we can, I think we have to leave that to the court to decide. I, I I hate to be evasive on that, but Yeah, but the case Yeah, I just, I think the issue is exhaustion Save that for another day then Yeah, I think so So what's the remedy you're seeking? In this case, remand for cancellation. He's clearly eligible. He's clearly eligible. Neither one of these was a serious crime Do we have to remand it to the BIA to, under Ventura, to give them a shot? Not at all, because the issue is, is an absolute issue of law, whether he is. There's no, there's no discretionary agency deference in time there Okay Thank you, counsel Okay, I'll reserve any time. I have a list Good morning. John Uchai on behalf of the United States Attorney General. First of all, your honors, I'd just like to make very clear that cancellation of removal actually wasn't an issue here before the board. It's strictly asylum and withholding removal in the Convention Against Torture Relief. That was the claim that was sought after before the agency. And moreover, it's not argued that he was eligible for cancellation to the board on, on appeal. So to the extent that that may come into play, it doesn't. It's really asylum that Mr. Bond is seeking for the court to hear his case about. That aside, with regard to No, I'm sorry. So that, you disagree with the nature. If we find that it isn't a crime of violence, what remedy are you suggesting is appropriate then? Well, your honor, if, if this court found that it was not a crime of violence, if it made that decision, I would suggest that it go back to the board for an asylum hearing I see That's, there's no other relief that he has sought other than that. It's not a cancellation of removal. I'm sorry? We could not order cancellation of removal. Correct, your honor. That's correct. But with regard to There's a little inconsistency. This is in the I.J.'s decision, the Anaho I.J.'s decision. On page 6, it says, as to discretionary voluntary departure, this court finds that the voluntary departure, because he has been convicted of aggravated felonies, and then on page 7, she says, it is further ordered that response application for voluntary departure is denied and that he be removed. What happened? Has he been removed? I think maybe she made an error in her first sentence, given her finding. Your honor, in fact, there's actually a couple of inconsistencies in her decision, but those matters actually aren't before the court. Her decision is not before the court? No, those specific issues are not before the court. Right, but we have to read her decision. I understand that, your honor. The important part of that decision, however, of course, this case revolves around whether or not he conceded or waived the issue of the crime of violence with regard to the crime of domestic violence. Excuse me? I guess I'm asking, was he deported? Was he deported? As far as I know, he was not. I guess Mr. Weber would know that. Okay, so does he have a stay of deportation? That's right, your honor. From this court? From this court, correct. With regard to the concession, your honor, the Tocatli case was brought up as the waiver-on-waiver case, and I would say that, Judge Wallace, I think that the Tocatli case is something that would be applied discretionarily. It's because in Tocatli, the facts were much more different. In that case, there was persistence by the immigration judge that he conceded a fact that actually wasn't even at issue on the remand. In that case, they were there to discuss, I believe, adjustment of status or cancellation of removal. They brought up that issue from a prior case which the board had adjudicated. It was remanded by this court back to that court. Moreover, the judge improperly, incorrectly, as you state in that case, found that he conceded the charge of removability. In fact, all he conceded was that the crime of violence was domestic in nature. In this case, it's the charge of removability that was conceded. There was no persistence that he conceded to that. In fact, the immigration judge set the case aside to give him an opportunity to look at the new charge that was presented by the service, rather the Department of Homeland Security at that point. It came back. There was an off-the-record discussion which the judge had. That's on page 81, I believe, and 82 of the record, the transcript that indicates how the concession was received. He clearly indicated that he conceded the charge of removability based on their off-the-record discussion. At the inception of that, he stated that he wasn't so sure that it was. They go off the record. They come back on. The immigration judge says, after we've discussed this, I'm paraphrasing, of course, and you hear my side of it, how do you plead? He conceded the charge and he conceded to the basis, the factual basis for that charge. Now, when it comes up to the board, Mr. Weber brought up what on his face appears to be an inconsistency because he conceded to two charges of aggravated felony. The board held them to one concession but didn't hold them to the other. What happened, I believe, in fact, Your Honor, in this case, is that the board will not allow a miscarriage of justice just based on a concession by the parties. The board found here in its decision that with respect to the drug trafficking charge as an aggravated felony, it said that we cannot find that it is an aggravated felony because of the prevailing case law that came up after the fact. So it didn't just take the concession and run with it and try to dispose of a case based on that. It found that the law that applied at that time for that charge had to be applied despite the concessions of both parties. With respect to the other charge for the crime of violence, I think it can be implicitly read that it found that there was no superseding case law, that that charge, in fact, was properly conceivable. And with respect to the way that the notice of appeal was phrased, nowhere in there does it state that we are not removable. Although he says I'm not an aggravated felon, there is no concession that there is no statement that withdraws that concession of removability. Most of the matters that are discussed have to do with his eligibility for relief for asylum. And moreover, Your Honor, had he not conceded at that time, the government would have had an opportunity to prove its case. And admittedly, the only record of conviction that we have here for that charge is a printout from the clerk's docket with respect to the crime of violence charge. He conceded that, though, and didn't put the government to its burden on that case. So if at this point he's arguing that that concession should be wiped away, the government was prevented from presenting itself or the case more thoroughly at that point by perhaps introducing additional evidence, which it didn't get the opportunity to do. So that's stated. Because he was properly found to have conceded the charge of removability, he's therefore an aggravated felon under 8 U.S.C. 1252A2C. This court lacks jurisdiction over such cases and the case should be dismissed. If there are no questions, I'll let you go. But the government knew that he was going to attack both convictions from his notice of appeal, isn't that right? To the BIA? Well, the government responded as much by arguing the merits of that conviction. So it did address this issue as to whether or not domestic violence was an aggravated felony. You did get a chance to brief that and argue that to the BIA. The Department of Homeland Security did in its briefing to the board argue that it was a crime of violence, that's correct. So what is it that you were deprived of? Homeland Security was deprived of presenting further evidence at the trial level before the immigration judge with respect to his concession. They didn't put the government to its burden, therefore the government didn't introduce further evidence perhaps that it may have had in its record to argue otherwise. If this court were to find that he did not concede that charge and, in fact, did not waive it, it's our position that the case should be remanded to make a finding as to whether or not, in fact, it is a crime of violence. Unlike the Tocatli case, where the actual categorical approach, if we conclude it's not, or the modified approach, he should be given, you should be given, the government should be given, the opportunity to make the record that it could under a tailored categorical approach. Exactly, or the modified approach, Your Honor. And under the modified approach. Modified approach. Right. Do you have additional documents that you could put in? This attorney is unaware of that, Your Honor. I don't know if there are. I will say that, I would presume that the state of Washington has further documentation with respect to this crime. All that we have is a printout from the clerk's office. I don't know. I can't answer that question. Now, in criminal cases, we don't allow the government to do that, to create additional record on a modified categorical approach. Why should we allow it in immigration cases? Well, first of all, it's not a criminal case, obviously. But second of all, I think that, in fairness to the government, I think that the government should be, have the privilege of due process, if you will, as well. When a petitioner concedes a charge at the outset and doesn't put the government to its burden, they can do that in the very first day. To allow them to come back after an appeal has been filed and withdraw that, and not give the government an opportunity to present evidence to support its charge, I think would be unfair to the government in this case. Perhaps in this particular case, maybe not as a general rule. I'm sorry, Your Honor? Perhaps in this particular case, given the circumstances. In this particular case, I would say yes, Your Honor. Having said that, if there are no further questions, again, I would say that under 8 U.S.C. 1252A2C, this is an aggravated felony and this Court lacks jurisdiction over it. Thank you. Thank you. Okay. We just have a couple of points here. First off, the government did have a chance to provide the record of conviction. In fact, they did. I'm sorry, the government did have a chance to provide the record of conviction. In fact, they did. The issue here, what the record of conviction consists of in that case was a docket. There are no more, because that is a simple misdemeanor, and the courts generally throw out the records. In support of that, we notice that the hearing, they supported the record of conviction for both convictions, the attempted possession of cocaine, which is very elaborate, and the record of conviction for this, for this case, which all that existed was about a three- or four-page docket. It's in the record. They were not prejudiced at all on that, and they want another bite at the apple. We would say that specifically. The second issue here is the problem with the waiver and the waiver argument is that what the government is asking is that this Court hold that even though he's not removable for an aggravated felony, a crime that clearly is not, cannot be, his saying that it is, is. Does shoplifting become murder if the defendant pleads to it, even though nobody was killed? No, because there has to be a basis for the plea, either factual or legal. In this case, there is neither. There is neither a factual nor legal basis for this conviction to be a crime of violence under the law. And I think that's a similar issue with the other one. They said there was no legal basis for attempted possession of cocaine to be a drug trafficking crime as an aggravated felony. There is no legal basis for this assault for conviction under the modified categorical approach to be a crime of violence. And it would have to be. That's what we would say that the Court would have to uphold. We understand that, counsel. Thank you very much for your argument. Thank both counsel.
judges: Wallace, Wardlaw, Fisher